ALD-299                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1892

_____

EMERSON TUCKER,
                                    Appellant

v.

NEW YORK POLICE DEPARTMENT; DEXTER HONORA, New York Police Detective, Badge #2196; STEVEN, New York Police Detective; THOMAS, New York Police Det.; NEW YORK POLICE DETECTIVES, JOHN DOE # 1 TO 6; NEW YORK POLICE DETECTIVES, #84 AT 300 GOLD STREET IN BROOKLYN, N.Y.;
CITY OF BROOKLYN; THE OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY; CITY OF NEW YORK; OFFICE OF THE DISTRICT ATTORNEY, NEW YORK; DISTRICT ATTORNEY, NEW YORK COUNTY; MIKE BLOOMBERG, Mayor of New York City; NEW YORK CITY DEPARTMENT OF CORRECTIONS; MARTIN HORN; COMMISSIONER OF NEW YORK CITY DEPT. OF CORR.;
CIVILIAN COMPLAINT REVIEW BOARD (C.C.R.B.); UNIDENTIFIED JOHN/JANE DOES OF THE CITIES OF BOTH NEW YORK AND BROOKLYN; CITY OF NEWARK, N.J.; POLICE DEPARTMENT OF NEWARK, N.J.; MAYOR OF CITY OF NEWARK, N.J.; PAULA DOW, Essex County Prosecutor; CHRIS CHRISTIE, Governor of New Jersey; UNIDENTIFIED JOHN/JANE DOES OF THE CITY OFNEWARK, N.J.; CITY OF CHICAGO; JOHN CLIMACK, Detective; CARLO, Detective; JODY P. WEIS, Superintendent of Police of Chicago; OFFICE OF DISTRICT ATTORNEY, COOK COUNTY; ANITA ALVERZ, District Attorney, Cook County; UNIDENTIFIED JOHN/JANE DOES OF CHICAGO, ILLINOIS; THOMAS DART, Sheriff of Cook County; MARGO GREEN, a Licence Day-Care Provider of the State of New Jersey; DAY-CARE CENTER OF MARGO GREEN; CHICAGO SUN TIMES NEWSPAPER;
CHICAGO TRIBUNE NEWSPAPER; STAR-LEDGER NEWSPAPER OF NEWARK, N.J.; NEW YORK TIMES NEWSPAPER; NEW YORK POST NEWSPAPER; NEW YORK DAILY NEWSPAPER; CBS TELEVISION NEWS BROADCAST; ABC TELEVISION NEWS BROADCAST; NBC TELEVISION BROADCAST; CNN CABLE NEWS NETWORK; JOHN/JANE DOE #7 AND 8; JOHN DOE #4 AND 5; N.Y.P.D. DETECTIVE SUPERVISOR; RAY KELLY, COMMISSIONER OF THE N.Y.P.D.; MIKE PALLADINO, PRESIDENT OF THE DETECTIVES ENDOWMENT ASSOCIATION OF THE N.Y.P.D.;

NEW YORK COUNTY; OFFICE OF DISTRICT ATTORNEY; ROBERT M. MORGENTHAN; JOHN/JANE DOE #1 AND 2, OFFICERS OF N.Y.C. DEPT. OF CORR.; ELIOT SPITZER, FORMER GOVERNOR OF THE STATE OF NEW YORK; SHERMAN HOTEL; KINGS COUNTY, NEW YORK; ESSEX COUNTY; CHICAGO POLICE DEPARTMENT; ERIKA MARTINEZ, JOURNALIST; COOK COUNTY, ILLINOIS, AN ILLINOIS MUNICIPAL CORPORATION; ROD R. BLAGOJEVICH, FORMER GOVERNOR OF THE STATE OF ILLINOIS; CHICAGO TRIBUNE COMPANY.

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-08-cv-02156)
District Judge: Honorable Dennis M. Cavanaugh

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010

Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: October 14, 2010)

OPINION

PER CURIAM

Emerson Tucker, a prisoner at Cook County Jail in Chicago, Illinois, appeals from several orders of the District Court in this pro se civil rights action. The orders dismissed the case as to most of the defendants and stayed the proceedings as to another defendant. The orders also denied Tucker's motions for injunctive relief, along with several other motions that he had filed. For the following reasons, we will dismiss the appeal as to many of these claims for lack of jurisdiction, and we will summarily affirm the others.

2

I.

In May 2007, two New York detectives approached Tucker in Newark, New Jersey, and informed him that he was wanted for questioning in connection with a homicide investigation in New York. Tucker accompanied the detectives to New York, where he was eventually arrested and charged with murder. During this time, the police conducted a search of Tucker and gave him an inventory slip for all of his property. Before standing trial in New York, Tucker was extradited to Chicago, where a warrant had been issued for him in connection with another murder. He is currently incarcerated in Chicago awaiting trial for that charge.

In May 2008, Tucker filed a pro se civil rights action pursuant to 28 U.S.C. § 1983,[1] alleging that many of his constitutional rights had been violated in connection with his arrest in New York and extradition to Illinois. He named forty-five defendants, including the detectives who had approached him in New Jersey, various government officials in three states, and several news organizations. His allegations included, among other things, false arrest, excessive force, wrongful retention of property, interference with the administration of justice, defamation, racial discrimination, and denial of medical treatment.

Many of the defendants were dismissed for various reasons throughout the litigation. For instance, the District Court dismissed with prejudice the government officials because

---

[1] Tucker also asserted claims under 18 U.S.C. §§ 241, 242, 1201, and 3182, various articles of the Constitution, the International Convention on the Elimination of all Forms of Racial Discrimination, and state law.

Tucker was suing them solely on the theory of vicarious liability. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Despite this dismissal, Tucker included the same claims against these defendants in an amended complaint. The District Court again dismissed these defendants.

In addition, in a February 23, 2010, order, the District Court dismissed many other defendants. First, the District Court dismissed the news organizations. Tucker had sued them for defamation because they had allegedly published stories calling him a "serial killer." The District Court found that these defendants were improperly joined because the claims against them and the other defendants did not share common questions of law or fact. Fed. R. Civ. P. 20(a)(2). It dismissed the governor of Illinois for lack of subject matter jurisdiction, and it dismissed the Chicago Police Department for failure to state a claim.

While many of the defendants have been dismissed from the case, one of the detectives who initially approached Tucker has not been dismissed. For this defendant, the District Court granted a motion to stay the case pending the outcome of the related criminal proceedings in Illinois and New York.[2]

Tucker has also made repeated requests for two types of injunctive relief, both of

_____

[2] Tucker has only served one of the two detectives who had approached him. On February 23, 2010, the District Court denied without prejudice Tucker's motion to substitute the other detective for one of the John Does in his complaint because the two-year statute of limitations had run. The District Court noted that Tucker will have the opportunity to show that the claim "relates back" in accordance with Federal Rule of Civil Procedure 15(c) when the case is reopened.

which the District Court denied.[3] The first involved his wrongful-retention-of-property claim. The District Court dismissed this claim with prejudice on November 18, 2008, reasoning that because New York provides meaningful postdeprivation remedies for these claims, Tucker cannot show that he was denied due process. See Hudson v. Palmer, 468 U.S. 517, 531 (1984). In his request for injunctive relief, Tucker asked that the police be compelled to return his property. The District Court found that Tucker could not demonstrate irreparable harm or the likelihood of success on the merits of his wrongful-retention-of-property claim, and therefore denied injunctive relief.

Tucker also sought an injunction requiring the prison to allow him extra access to the prison law library, and for the librarians to stop denying him copies and stamps, which he claimed they do to retaliate against him for filing grievances. The District Court noted that Tucker's copious filings in this case belie his claim that he does not have adequate access to the law library and denied injunctive relief.

On March 10, 2010, Tucker filed a notice of appeal, asking to appeal three of the five orders of the District Court. However, in his argument in support of appeal, he raises issues that relate to all five orders. Thus, we will construe his notice of appeal to include all five orders. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

## II.

---

[3] In addition to denying Tucker's requests for injunctive relief, the District Court also denied Tucker's motions for leave to amend his complaint to include a denial-of-medical-treatment claim that arose while in the Chicago prison and an extension of time to serve his amended complaint.

As a general rule, we have jurisdiction to hear appeals only from final decisions of the district courts. 28 U.S.C. § 1291. A final order ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. See Republic Natural Gas Co. v. Oklahoma, 334 U.S. 62, 68 (1948). To be appealable, an order must end the litigation as to all claims and all parties, see Andrews v. United States, 373 U.S. 334 (1963), or be certified under Fed. R. Civ. P. 54(b). See In re Diet Drugs Prods Liab. Litig., 401 F.3d 143, 154 (3d Cir. 2005). The claims against the detective have not been dismissed. Since the litigation has not ended as to all claims and all parties, and the District Court has not certified the case under Rule 54(b), several of the District Court's orders are not appealable at this time. However, an exception to this general rule is orders granting or denying injunctive relief. 28 U.S.C. § 1292(a)(1). Thus, to the extent that they deny injunctive relief, we have jurisdiction over the District Court's orders entered April 6, 2009, and February 23, 2010.

III.

The standard of review for a district court's denial of injunctive relief is plenary as to conclusions of law, clear error as to conclusions of fact, and abuse of discretion as to decisions to grant or deny relief. New Jersey Hosp. Ass'n v. Waldman, 73 F.3d 509, 512 (3d Cir. 1995). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. L.A.R. 27.4; I.O.P. 10.6.

We conclude that the District Court did not abuse its discretion in denying either of Tucker's requests for injunctive relief. A party seeking injunctive relief must show that: (1) there is a likelihood of success on the merits; (2) irreparable injury will result if relief is

6

denied; (3) relief will not result in even greater harm to the nonmoving party; and (4) relief will be in the public interest.

First, as the District Court noted when it correctly denied the injunction requiring the police to return the property, Tucker is unlikely to succeed on the merits of his wrongful-retention-of-property claim. Second, with regard to the request for expanded use of the prison library, prisons may "reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation of legal papers" so long as the prison does not frustrate the inmates' constitutional right to access the courts. Gittlemacker v. Prasse, 428 F.2d 1, 7 (3d Cir. 1970). The District Court held that the prison's policy did not deprive Tucker of access to the courts, and supported this assertion by noting the great number of documents that Tucker had filed in the case. We conclude that this was not abuse of the District Court's discretion.

## IV.

Tucker's appeals from the District Court's denials of injunctive relief present no substantial question. We will therefore affirm the orders of the District Court as to those claims, but we will otherwise dismiss the appeal for lack of jurisdiction. We will deny Tucker's motions for appointment of counsel and a preliminary injunction.